832 P.2d 412

**CITY OF ALBUQUERQUE,**
**Petitioner–Appellant,**

v.

**Daniel SANCHEZ, Respondent–Appellee.**

No. 13350.

Court of Appeals of New Mexico.

April 1, 1992.

Debra J. Moulton, Butt, Thornton & Baehr, P.C., Albuquerque, for petitioner-appellant.

Edward F. Snow, Albuquerque, for respondent-appellee.

## OPINION

APODACA, Judge.

This court's opinion, filed March 11, 1992, is withdrawn on the court's own motion and the following opinion is substituted in its place.

The City of Albuquerque (employer) appeals from the workers' compensation judge's (judge) order designating Dr. Emmett Thorpe, the health care provider selected by Daniel Sanchez (worker), as worker's health care provider. Employer argues on appeal that Rule WCA 91–1(VI), Miscellaneous Proceedings and Questions of Fact (May 1991), is inconsistent with NMSA 1978, Section 52–1–49 (effective January 1, 1991) (Repl.Pamp.1991), because the regulation (1) treats an objection to notice of change of health care provider as a request to change health care provider and (2) places the burden on the objector to prove that the new doctor's care is unreasonable before the new doctor has treated a worker. Based on these alleged inconsistencies, employer claims the Workers' Compensation Administration's (WCA) regulation must be declared void because the WCA was without authority to enact it and because, when read together with the statute, its meaning is uncertain. Employer also claims it was denied procedural due process because it was not allowed to present evidence, that the notice by worker of worker's selection of health care provider was inadequate, and that the judge lacked jurisdiction to appoint worker's chosen health care provider.

We reject each of employer's contentions and hold that an order denying a request to change health care providers is a final, appealable order and that Rule WCA 91–1(VI) is consistent with Section 52–1–49 and therefore valid. Because we hold that Rule WCA 91–1(VI) is consistent with Section 52–1–49, employer's other claims (that the regulations were beyond the authority of the WCA to enact and are so uncertain as to be void for vagueness) also fail. We also hold that worker's notice of his selection of health care provider substantially complied with the statute and that the judge had statutory authority to designate a health care provider. Employer's due process claim is not properly before us, so we do not consider it. For these reasons, we affirm the judge's order.

BACKGROUND

Section 52–1–49 mandates that an employer will provide an injured worker reasonable and necessary health care services and establishes the procedures by which the worker's health care provider is selected and changed. The pertinent sections of the statute state:

B. The employer shall initially either select the health care provider for the injured worker or permit the injured worker to make the selection. Subject to the provisions of this section, that selection shall be in effect during the first sixty days from the date the worker receives treatment from the initially selected health care provider.

C. After the expiration of the initial sixty-day period * * *, the party who did not make the initial selection may select a health care provider of his choice. Unless the worker and employer otherwise agree, the party seeking such a change shall file a notice of the name and address of his choice of health care provider with the other party at least ten days before treatment from that health care provider begins * * * * This notice may be filed on or after the fiftieth day of the sixty-day period * * * *

D. If a party objects to the choice of health care provider made pursuant to Subsection C of this section, then he shall file an objection to that choice pursuant to Subsection E of this section with a workers' compensation judge within three days from receiving the notice. He shall also provide notice of that objection to the other party. If the employer does not file his objection within the three-day period, then he shall be liable for the cost

of treatment provided by the worker's health care provider until the employer does file his objection and the workers' compensation judge has rendered his decision as set forth in Subsection F of this section * * * *

E. If the worker or employer disagrees with the choice of the health care provider of the other party at any time, including the initial sixty-day period, and they cannot otherwise agree, then he shall submit a request for a change of health care provider to a workers' compensation judge * * * *

F. The request shall state the reasons for the request and may state the applicant's choice for a different health care provider. The applicant shall bear the burden of proving to the workers' compensation judge that the care being received is not reasonable. The workers' compensation judge shall render his decision within seven days from the date the request was submitted. If the workers' compensation judge grants the request, he shall designate either the applicant's choice of health care provider or a different health care provider.

Worker was injured on February 10, 1991. Employer designated Dr. Peter Stern as worker's health care provider. On May 22, 1991, worker notified employer that he was designating Dr. Thorpe of Lovelace Medical Center as his treating physician and that his first appointment with the doctor was on May 30, 1991. Employer objected to this designation on June 24, 1991, and moved to strike worker's letter of May 22, 1991. A hearing was held June 28, 1991.

At the hearing, employer argued that the letter was deficient because it did not include the county of the accident; the nature of the injury; the name of the prior health care provider; the name, address and telephone number of the proposed new health care provider; and the specific language required by Rule WCA 91–1(VI). Employer also argued that its notice of objection to worker's selection of health care provider should not be treated as a request to change health care providers and instead that, after an objection was filed, worker was responsible for filing a request to change health care providers, and thus the burden of showing that the care being given by employer's doctor was unreasonable. Employer made no effort to submit evidence to support its argument that changing doctors would be detrimental to worker.

The judge found that worker had notified employer of his selection of a health care provider on May 22, 1991, and that employer had failed to meet its burden of proof that care from Dr. Thorpe was unreasonable. The judge therefore ordered that Dr. Thorpe would be worker's primary physician.

## APPEALABILITY OF THE ORDER

■ As a threshold issue, we address whether the judge's order denying employer's request to change health care providers is a valid, appealable order. The general rule is:

> In deciding whether an order is final and appealable, the determinative question is whether there is anything remaining to be done or whether the trial court, within its power, has fully disposed of the case. [Citations omitted.]

*Luevano v. Group One*, 108 N.M. 774, 776, 779 P.2d 552, 554 (Ct.App.1989). In making this determination, this court looks to the substance, rather than the form, of the order, and gives the order a practical, rather than technical, construction. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 824 P.2d 1033 (1992); *Los Ranchos de Albuquerque v. Shiveley*, 110 N.M. 15, 791 P.2d 466 (Ct.App.1989).

In this case, worker had not yet filed a claim for benefits. Thus, the only proceedings before the WCA were the proceedings concerning the change of health care providers. As a result, the judge's order fully disposed of all issues between the parties that were brought before the judge. Additionally, the effect of holding that the judge's order denying employer's request to change health care providers is not final would be that the parties would never be entitled to review of the order. *Cf. Maitlen v. Getty Oil Co.*, 105 N.M. 370, 733

P.2d 1 (Ct.App.1987) (effect of ruling that a dismissal without prejudice on grounds of prematurity in a workers' compensation case is not final would be that worker would never be entitled to review of trial court's determination that he was receiving full benefits). We thus conclude that we have jurisdiction to consider this appeal. We express no opinion on the question of whether the order in this case would have been final and appealable if a claim for benefits was also pending before the WCA.

VALIDITY OF RULE WCA 91–1(VI)

■ Employer does not claim that the judge's ruling was arbitrary and capricious or unsupported by substantial evidence. Instead, employer attacks the validity of the judge's interpretation of the statute. Worker, on the other hand, argues that employer failed to preserve the issue of the validity of Rule WCA 91–1(VI) because it did not raise those arguments below. *See* SCRA 1986, 12–216; *Barnett v. Cal M, Inc.,* 79 N.M. 553, 445 P.2d 974 (1968); *State v. Gonzales,* 110 N.M. 218, 794 P.2d 361 (Ct.App.1990), *aff'd,* 111 N.M. 363, 805 P.2d 630 (1991). The principal purpose of the rule requiring a party to preserve error is to alert the trial judge to the claimed error and to accord the trial court an opportunity to correct the matter. *Madrid v. Roybal,* 112 N.M. 354, 815 P.2d 650 (Ct. App.1991). Although employer did not explicitly attack Rule WCA 91–1(VI) in the proceedings below, employer's proposed findings presented its interpretation of Section 52–1–49 in detail and contradicted the judge's interpretation, which was based on Rule WCA 91–1(VI). Under these circumstances, we conclude that employer's objections sufficiently raised the issue of the appropriate interpretation of Section 52–1–49, as reflected in Rule WCA 91–1(VI), to preserve the argument on appeal.

■ To determine whether Rule WCA 91–1(VI) is consistent with Section 52–1–49, we must interpret the statute. In doing so, we first summarize the relevant principles of statutory interpretation. The reviewing court's central concern is to determine and give effect to the intent of the legislature. *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 749 P.2d 1111 (1988). In determining that intent, we look primarily to the language of the statute, *id.,* and give effect to the statute as written. *Zamora v. CDK Contracting Co.,* 106 N.M. 309, 742 P.2d 521 (Ct.App.1987). Unless the legislature indicates otherwise, we give the words of the statute their ordinary meaning. *State ex rel. Klineline v. Blackhurst.* When the statute is unambiguous, we will not resort to any other means of interpretation. *Security Escrow Corp. v. State Taxation & Revenue Dep't,* 107 N.M. 540, 760 P.2d 1306 (Ct.App.1988).

The WCA's regulations provide that "[a] party may, pursuant to statute, give notice of his or her intent to change from the initially selected health care provider to any other health care provider enumerated in Section 52–4–1 NMSA 1978, as amended. Such notices shall only be effective if they conform to Subsections (2) or (3) of this section." Rule WCA 91–1(VI)(C)(1). The party to whom notice is given may object to the notice and "[s]uch objection shall be deemed to be a Request for Change of Health Care Provider." Rule WCA 91–1(VI)(D)(1); *see also* Rule WCA 91–1(VI)(E)(2). Alternatively, "[a]t any time, either party may file a Request for Change of Health Care Provider with the Workers' Compensation Administration." Rule WCA 91–1(VI)(E)(1). "The party filing the Request for Change of Health Care Provider or filing an Objection to a Notice of Change of Health Care Provider bears the burden of proving that the care being received, or proposed to be received, is not reasonable." Rule WCA 91–1(VI)(E)(5).

■ Employer claims that the WCA's regulations and the judge incorrectly treated employer's objection to worker's selection of a health care provider as a request for change of health care provider, *see* Rule WCA 91–1(VI)(D)(1) and (E)(2), because, as employer interprets Section 52–1–49, it was actually worker who was requesting a change of health care provider. We disagree with employer's interpretation.

Section 52–1–49 establishes two methods for changing worker's health care provider.

Under both, the initial selection is made by either the employer or the worker. § 52–1–49(B). The selection is valid for sixty days after the date of the worker's injury. *Id.* After the sixty-day period expires, the party that did not make the initial selection can notify the other party of his choice of a health care provider. § 52–1–49(C). The party that made the initial selection can then object "pursuant to Subsection E." § 52–1–49(D). Alternatively, a request for change of health care provider can be filed at any time. § 52–1–49(E).

Employer argues that "[t]he effect of the filing of the objection [pursuant to Subsection D] by the initial selector is not indicated in the statute." This argument ignores the plain language of Subsection D, which states that the objection shall be filed "pursuant to Subsection E of this section." Subsection E states that a party objecting to the other's choice of health care provider can submit a request for change of health care provider at any time. Thus, an objection made under Subsection D is the same as a request for change of health care provider made under Subsection E. We hold that the judge's ruling (that he would treat employer's objection as a request for change of health care provider) and WCA Rule 91–1(VI)(D)(1), which provides that objections will be treated as requests for change of health care provider, both comply with the statute.

■ Employer next maintains that the judge incorrectly placed the burden on employer to prove that worker's selected physician was unreasonable. It argues that, by objecting to worker's selection of health care provider, employer was not requesting a change of health care provider but, rather, requesting that the same provider continue. Employer claims it was worker who wanted to change health care providers. Thus, according to employer's argument, if a request for change in health care providers had to be made, worker was responsible for doing so. Therefore, employer contends, the burden was on worker to prove that the doctor selected by employer was unreasonable. As we understand this argument, employer essentially desires to treat worker's notice to *it* (of worker's selection of a new doctor) as a request for change of health care provider or, alternatively, require worker to file a request to change health care providers once employer has objected. We do not believe this interpretation is supported by the language of the statute.

Section 52–1–49(B) states expressly that the initial selection of a worker's health care provider "shall be in effect during the first sixty days from the date the worker receives treatment from the initially selected health care provider." This language provides a definite time limit on the duration of the effectiveness of the initial selection, indicating that the initial selection does not continue indefinitely or until the worker demonstrates that the care being received is unreasonable, as employer urges. Rather, if an employer makes the initial selection, at the end of this sixty-day period the worker can select a health care provider "of his choice." § 52–1–49(B). Thus, a worker has unfettered discretion to choose his or her own physician at that time without considering the reasonableness of the existing care.

Section 52–1–49(D) places the burden of objecting to a party's notice of changing health care providers at the end of the initial sixty-day period on the party that initially chose worker's health care provider. If an employer fails to object within three days of receiving a notice of change of health care provider from a worker, the employer is liable for the treatment rendered by the worker's doctor. *See* § 52–1–49(D). The only way in which an employer can avoid paying for the care the worker receives from the new health care provider is to object within three days of receiving the notice. We believe this provision demonstrates the legislature's intent that a party's selection of a health care provider under Section 52–1–49(C) would result in an *automatic* replacement of the initially selected health care provider with the newly chosen one. The objecting party, by objecting, would basically be requesting a change to the originally selected health care provider, not opposing the other party's request for a change, as employer would

have us hold. We conclude that the judge correctly placed the burden of proving the unreasonableness of the care provided on the objecting party, which, in this appeal, was employer. Because the judge's interpretation of Section 52–1–49 was in accord with Rule WCA 91–1(VI), we further hold that the regulation is consistent with the statute.

Our interpretation of Section 52–1–49 is supported by the history of the statute. Before the section was amended in 1990, a worker had no right to participate in the selection of his treating physician, but only had the option of rejecting the selection made by the employer. *See* § 52–1–49(A) (1987 N.M. Laws ch. 235, § 21); *Bowles v. Los Lunas Schools,* 109 N.M. 100, 781 P.2d 1178 (Ct.App.1989). This placed New Mexico in the minority of jurisdictions in that the worker played no part in the selection of his doctor. *See* 2 Arthur Larson, *Workmen's Compensation Law,* § 61.12(a) (1989) [Larson] ("[u]nder most statutes the employee may choose his own physician, with the authorization of the administrative authority").

The legislature substantially rewrote Section 52–1–49 in 1990, and, in doing so, we believe, indicated an intent to change the existing law. *Cf. Martinez v. Research Park, Inc.,* 75 N.M. 672, 410 P.2d 200 (1965) (adoption of statutory amendments is evidence of intention to change existing law). Under Section 52–1–49, as presently written, both the worker and the employer have input into the selection of worker's health care provider, and either can object to the selection made by the other and obtain review of the selection. Thus, both the value of allowing the worker to have a doctor he trusts and the need to ensure that the care received by the worker is appropriate and reasonable are accommodated. *See* 2 Larson § 61.12(b). Employer's proposed interpretation of the statute would result in nullifying the legislature's intent. We thus reject it.

■ Because we hold that Rule WCA 91–1(VI) is consistent with Section 52–1–49, we reject employer's contentions that the regulation is not authorized and therefore void. *See* NMSA 1978, 52–5–4(A) (Repl.Pamp.1991) (director has authority to adopt reasonable rules and regulations, and, if not inconsistent with the law, the rules and regulations are binding on the administration of the Workers' Compensation Act). We likewise reject employer's claim that Rule WCA 91–1(VI) must be declared void for uncertainty because, when read with Section 52–1–49, it cannot be determined what the agency intended with a reasonable degree of certainty. A regulation is unconstitutional if it is so vague that persons of common intelligence must guess at its meaning and would differ in its application. *Kerr–McGee Nuclear Corp. v. New Mexico Water Quality Control Comm'n,* 98 N.M. 240, 244, 647 P.2d 873, 877 (Ct.App.1982). Employer's argument rests on a supposed inconsistency that we have held does not exist. Additionally, both Section 52–1–49 and Rule WCA 91–1(VI) state that there are two procedures for changing health care providers, that an objection to notice of change of health care provider will be treated as a request to change health care provider, and that the objecting party has the burden of showing that the proposed care is unreasonable. Because we are able to interpret the statute and the regulations with reasonable certainty, we hold that Rule WCA 91–1(VI) is constitutional.

DUE PROCESS CLAIM

Employer next argues that the regulations deny due process because the objector is not allowed to present evidence. Employer did not attempt to have evidence admitted at the hearing before the judge. Thus, the issue is not properly before us. However, even if the issue was properly before us, employer's argument must fail because the rule does indeed allow evidence to be presented. *See* Rule WCA 91–1(V)(A)(5) (hearing procedure allows for parties to present evidence).

SUFFICIENCY OF WORKER'S NOTICE

■ Employer contends that worker's notice was fatally defective because it did not provide all of the information required by Rule WCA 91–1(VI)(C)(4) and was not

given at least ten days before worker first saw the new physician, as required by Section 52–1–49(C). The judge found that worker's notice of change of health care provider was filed on May 22, 1991. This finding was substantially in conformance with employer's requested finding of fact 3.

It is true that worker's notice did not contain all of the information required by Rule WCA 91–1(VI). However, the rule did not apply to worker's notice because it was not effective until May 29, 1991, and worker's notice was given to employer on May 22, 1991, a week before. Therefore, worker's notice was governed by the statute, with which it substantially complied. Section 52–1–49(C) requires the notice to include the name and address of the new treating physician. Worker's letter informed employer that he was designating "Dr. Thorpe at Lovelace Medical Center" as his treating physician. This information adequately informed employer of the name and location of worker's doctor.

Employer concedes that the regulations were not in effect at the time worker sent his notice, but argues that worker should have complied in any event because the regulations had been published before that time. However, employer cites no authority for this proposition. Issues not supported by cited authority will not be reviewed on appeal. *See* SCRA 1986, 12–213(A)(3) (contentions must be supported by citation to authority); *In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984).

▮ Employer also argues that worker should be precluded from selecting a new health care provider because worker's notice to employer was sent eight days before worker's first appointment with Dr. Thorpe, rather than ten days before, as required by Section 52–1–49(C). Although we agree that worker did not comply with the ten-day notice requirement, employer has not shown how it was prejudiced by this fact. It could still have objected within three days, as provided for by Section 52–1–49(D), and thereby notified worker of its unwillingness to pay for care received from worker's new doctor. Instead, employer failed to file an objection until nearly a month later. Under the express language of 52–1–49(D), if an employer does not object within three days of receiving the notice, the employer is liable for the cost of treatment by the worker's health care provider until the employer does object and the judge renders a decision. The statute does not state that, in failing to provide notice a full ten days before the first appointment, a worker relinquishes his right to select his own physician. Consequently, we conclude that failure to comply with the ten-day notice requirement did not preclude worker from choosing a new health care provider.

## JURISDICTION OF THE WORKERS' COMPENSATION JUDGE

▮ Finally, employer argues that, because no request to change health care providers had been filed by either employer or worker, the judge was without jurisdiction to designate a health care provider. As we understand the argument, employer contends the statute did not authorize the judge to designate a health care provider. The statute granted the judge jurisdiction to hear the objection and expressly provided that the judge should make a decision "as set forth in Subsection F." § 52–1–49(D). That subsection states that, if the judge should grant the request, "he shall designate either the applicant's choice of health care provider or a different health care provider." § 52–1–49(F). We therefore conclude that the judge had authority to designate a health care provider.

## CONCLUSION

In summary, we affirm the judge's decision designating Dr. Thorpe as worker's health care provider, based on each of the reasons noted above.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.