864 P.2d 326

**Socorro ALCALA, Claimant–Appellee,**

**v.**

**ST. FRANCIS GARDENS, Employer, and Hospital Services Corporation, Third–Party Administrator, Respondents–Appellants.**

No. 13849.

Court of Appeals of New Mexico.

Oct. 27, 1993.

James G. Chakeres, Albuquerque, for claimant-appellee.

Richard J. Shane, Deborah S. Dungan, Padilla, Riley & Shane, P.A., Albuquerque, for respondents-appellants.

*OPINION*

CHAVEZ, Judge.

Respondents appeal the Workers' Compensation Judge's order awarding Worker attorney fees in connection with a change of health care provider proceeding. Respondents contend that the Workers' Compensation Judge (Judge) erred in awarding attorney fees for legal services rendered in a proceeding to change her health care provider. We conclude that the order awarding attorney fees is not final and appealable, and therefore dismiss Respondents' appeal for lack of jurisdiction. However, in the course of our reasoning, we specifically hold that the attorney fee award shall be considered only tentative and need not be immediately paid.

*Facts*

Worker was employed by Respondents as a dietary aide. On July 29, 1991, while in the course and scope of her employment, Worker allegedly slipped and fell injuring her lower back. Respondents provided medical care through Albuquerque Industrial Medicine Specialists, P.C. where Worker was treated by Dr. Harry C. Zaenger.

On January 17, 1992, Respondents received Worker's Notice of Change of Health Care Provider designating Dr. M.L. Rounseville as her new physician. *See* NMSA 1978, § 52–1–49 (Repl.Pamp.1991) (effective January 1, 1991); *City of Albuquerque v. Sanchez,* 113 N.M. 721, 726–27, 832 P.2d 412, 417–18 (Ct.App.1992) (worker has "unfettered discretion" to choose physician after initial sixty-day period, and employer bears burden of proving worker's choice of physician is unreasonable). Respondents objected to Worker's selection of Dr. Rounseville. After a hearing, the Judge determined that the proposed care by Dr. Rounseville was unreasonable and should not proceed. The parties subsequently agreed on another physician to provide Worker's care. Worker filed a claim for compensation benefits on February 4, 1992, seeking disability benefits, medical expenses, and attorney fees. Respondents have denied the claim.

Worker moved for attorney fees incurred in the change of health care provider proceeding. Respondents objected on three grounds. First, Worker had not prevailed in the change of health care provider proceeding, and was therefore not entitled to fees. Second, an award of fees was not justified under the factors of *Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979). Third, an award of fees was premature since fees may not be paid until the compensation claim has been "settled or adjudged." *See* NMSA 1978, § 52–1–54(M) (Repl.Pamp.1991) (effective January 1, 1991). The Judge awarded fees in the amount of $1,600.

On appeal, Respondents argue that: (1) the order awarding fees is premature since the compensation claim remains pending; and (2) the Judge erred in awarding fees where Worker was not successful in the change of health care provider proceeding. In our calendar notice reassigning this case to the general calendar, we asked the parties to brief the question of the finality of the order awarding attorney fees.

*Finality of Order*

 Our jurisdiction is limited to appeals from final judgments, interlocutory orders that practically dispose of the merits of an action, and final orders after entry of judgment that affect substantial rights. *Thornton v. Gamble,* 101 N.M. 764, 766, 688 P.2d 1268, 1270 (Ct.App.1984). As a general proposition, an order or judgment is final when all issues of law and of fact necessary to be determined have been determined, and the case has been completely disposed of to the extent the court has power to dispose of it. *In re Estate of Newalla,* 114 N.M. 290, 292, 837 P.2d 1373, 1375 (Ct.App.1992). In making this determination, we give the order a practical, rather than technical, construction. *Id.* "Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein."

*Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 238, 824 P.2d 1033, 1040 (1992); *see also Trujillo v. Hilton of Santa Fe,* 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993).

In *City of Albuquerque,* we held that an order denying the employer's request to change health care providers was final and appealable where no claim for compensation was pending. *City of Albuquerque,* 113 N.M. at 724–25, 832 P.2d at 415–16. We specifically reserved the question of finality where a compensation claim is pending. *Id.* at 725, 832 P.2d at 416. In this case, Worker's compensation claim was pending at the time the attorney fees order was entered.

■ We believe that developments in the compensation case may alter or revise the attorney fees order in the change of health care provider proceeding. An award of attorney fees in a workers' compensation case must be predicated upon a successful recovery by the worker. *Montoya v. Anaconda Mining Co.,* 97 N.M. 1, 7, 635 P.2d 1323, 1329 (Ct.App.1981). Respondents have denied Worker's entitlement to disability benefits, medical expenses, and attorney fees. Thus, if Worker does not obtain any of these benefits, the attorney fees award in the health care provider proceeding would be placed in jeopardy. *See id.;* NMSA 1978, § 52–1–54(E) (Repl. Pamp.1991) (effective January 1, 1991); *see also Sanchez v. Siemens Transmission Sys.,* 112 N.M. 236, 243–44, 814 P.2d 104, 111–12 (Ct.App.) (attorney fees award based in part on improper award of vocational rehabilitation benefits may be reduced), *rev'd on other grounds,* 112 N.M. 533, 817 P.2d 726 (1991). For instance, Worker's failure to prove causation would preclude an award of medical benefits, an issue intimately bound with the change of health care provider proceeding. *See Douglass v. State, Regulation & Licensing Dep't,* 112 N.M. 183, 189, 812 P.2d 1331, 1337 (Ct.App.), *cert. denied,* 112 N.M. 77, 811 P.2d 575 (1991). Further, we believe the order awarding fees in this matter is clearly an interim determination since

fees may not be paid until the claim is "settled or adjudged." Section 52–1–54(M).

In support of her assertion that the order awarding attorney fees was final and appealable, Worker argues that the change of health care provider proceeding was separate and distinct from the compensation claim. We considered an analogous argument in *Estate of Newalla.* In *Estate of Newalla,* we held that, as a practical matter, each petition in a probate file should ordinarily be considered as commencing an independent proceeding, and an order disposing of the matters in the petition should be considered a final, appealable order. *Id.* 114 N.M. at 294, 837 P.2d at 1377. We believe *Estate of Newalla* is distinguishable from the situation existing here. Litigants in probate proceedings cannot be certain whether any particular order in the case will be followed by another order concerning the estate. *Id.* at 293, 837 P.2d at 1376. By contrast, the parties in this case were assured that further orders would follow once Worker filed her complaint for compensation.

■ We do not believe that NMSA 1978, Section 52–1–54(C) (Repl.Pamp.1991) (effective January 1, 1991), is helpful to Worker. While Section 52–1–54(C) implies that a judge may award fees at any stage of the proceeding, fees may not be *paid* until the claim is finally "settled or adjudged." Section 52–1–54(M). Thus, the fact that the Judge awarded attorney fees does not mean that Worker will ultimately recover those fees. Subsequent decisions concerning Worker's entitlement to compensation may alter or revise the award of fees for the change of health care provider proceeding.

■ Finally, we cannot say that this case falls under the collateral order doctrine. *See Carrillo v. Rostro,* 114 N.M. 607, 613, 845 P.2d 130, 136 (1992); *Abalos v. Pino,* 115 N.M. 759, 761, 858 P.2d 426, 428 (Ct. App.1993); *see also Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct.

1221, 93 L.Ed. 1528 (1949). The order awarding fees ·can be reviewed on appeal from the final compensation order. Thus, the order fails the third prong of the *Cohen/Carrillo* test. *See Carrillo,* 114 N.M. at 613, 845 P.2d at 136.

We conclude that the order awarding Worker attorney fees for the change of health care provider proceeding is not final. We therefore dismiss Respondents' appeal.

**IT IS SO ORDERED.**

DONNELLY and PICKARD, JJ., concur.