866 P.2d 392

**Geraldine VARGAS, Claimant–Appellant,**

v.

**CITY OF ALBUQUERQUE,**
**Respondent–Appellee.**

**No. 14517.**

Court of Appeals of New Mexico.

Oct. 29, 1993.

E. Justin Pennington, Albuquerque, for claimant-appellant.

Richard J. Shane, Deborah S. Dungan, Padilla, Riley & Shane, P.A., Albuquerque, for respondent-appellee.

*OPINION*

BLACK, Judge.

Geraldine Vargas (Worker) appeals the compensation order determining that she is not entitled to further medical expenses, permanent partial disability, further temporary total disability benefits, vocational rehabilitation, increase in benefits, lump sum benefits, or attorney fees. She argues fifteen issues in her brief in chief, however, the discussion of only two of those issues merits publication. The two issues addressed herein concern the employer's obligation to pay for medical treatment and services from health care providers chosen by Worker in accordance with NMSA 1978, Section 52-1-49 (Repl. Pamp.1991) (effective Jan. 1, 1991). Worker argues that Judge Wiltgen, who issued the compensation order, erred in: (1) applying

the test of *Bowles v. Los Lunas Schools,* 109 N.M. 100, 781 P.2d 1178 (Ct.App.), *cert. denied,* 109 N.M. 131, 782 P.2d 384 (1989), to conclude that her employer was not obligated to pay for the medical treatment furnished by health care providers chosen by Worker, and (2) failing to give deference to the earlier order issued by Judge Dinelli which designated these health care providers. We affirm.

## I. FACTS

Worker, a bus driver employed by the City of Albuquerque (the City), filed a claim for injuries suffered in accidents occurring on May 10, 1989; May 9, 1990; on or about July 31, 1991; and December 20, 1991. Worker initially received treatment provided by the City at its Employee Health Center (EHC) and under referrals from the EHC. On January 6, 1992, Worker filed a notice of change of health care provider, choosing Dr. Racca as the health care provider for the July 1991 accident. The City objected. After a hearing, Judge Dinelli found that the City had permitted Worker to make the initial selection of health care provider for the December 1991 accident and recognized Worker's choice of Dr. Pendleton for this accident. Judge Dinelli also held that the City had not carried its burden of proof to sustain the objection to Worker's choice of Dr. Racca for the July 1991 accident and issued an order designating Dr. Racca as the health care provider.

Dr. Racca began treating Worker on January 30, 1992. After noting apparent depression and stress caused by her injuries, Dr. Racca referred Worker to Dr. Fredman, a psychiatrist. Dr. Fredman treated Worker for "'anxiety disorder with depression.'" Beginning on December 31, 1991, Worker was treated by Dr. Pendleton for injuries allegedly sustained in the December 1991 accident.

## II. DISCUSSION

Judge Wiltgen determined that the City was not obligated to pay for medical treatment provided by Drs. Racca, Fredman, and Pendleton, because Worker failed to meet the requirements of the *Bowles* test. *Bowles* was decided under a prior version of Section 52–1–49, which did not allow an injured worker to seek independent treatment at the employer's expense if the employer furnished adequate treatment. *See* 109 N.M. at 106, 781 P.2d at 1184. However, if the employer failed to provide services in accordance with the statutory standard, *Bowles* held that the worker could receive treatment from another health care provider at the employer's expense if the worker proved that:

> (1) the services provided by the employer did not produce a positive result due to the care provided; (2) [the worker] obtained surgical, hospital, or medical facilities and attention which were successful; (3) the treatment was related to claimant's work-related injury; and (4) the treatment was reasonable and necessary.

*Id.* at 108, 781 P.2d at 1186. Worker otherwise had no right to participate in selection of a health care provider. *City of Albuquerque v. Sanchez,* 113 N.M. 721, 727, 832 P.2d 412, 418 (Ct.App.1992).

■ Section 52–1–49 was amended, effective January 1, 1991, and the amended version is applicable to Worker's 1991 accidents. We agree with Worker that the *Bowles* test does not apply under the version of Section 52–1–49 in effect after January 1, 1991. *See Martinez v. Southwest Landfills, Inc.,* 115 N.M. 181, 187, 848 P.2d 1108, 1114 (Ct.App. 1993) (*Bowles* test superseded by statute); *see also Sanchez,* 113 N.M. at 727, 832 P.2d at 418.

The amended version of Section 52–1–49 allows the employer the option of initially selecting the health care provider or permitting the worker to make the choice. Section 52–1–49(B). After sixty days, the party who did not make the initial choice has the right to select a different health care provider. Section 52–1–49(C). If there is a disagreement, the workers' compensation judge then decides which health care provider should be designated. Section 52–1–49(F). This procedure supplants the *Bowles* test. We interpret the statute to allow a choice under the procedure outlined, but the worker must nevertheless establish that the services were "reasonable and necessary" in order to hold the employer to be financially responsible for

the payment of such services. *Cf.* § 52–1–49(G) (if worker continues to receive treatment or services from health care provider rejected by employer and not in compliance with judge's ruling, employer is not required to pay for such treatment or services).

▮ The City initially chose the EHC to be the health care provider for the July 31, 1991 injury. Worker filed her notice of change of health care provider on January 6, 1992, more than sixty days after the initial selection. Under the statute Worker had the right at this time to choose her own health care provider regardless of whether the care she was receiving from the EHC was reasonable. *See* § 52–1–49(C); *Sanchez,* 113 N.M. at 726, 832 P.2d at 417. Worker chose Dr. Racca. Although the City disagreed with Worker's choice, the City failed to prove that care from Dr. Racca would not be reasonable. *See* § 52–1–49(E), (F). Therefore, Judge Dinelli's order allowed Worker to obtain medical care for the July 1991 accident from Dr. Racca rather than EHC. Reegarding the December 1991 accident, Judge Dinelli's order allowed Worker to receive treatment from Dr. Pendleton, because the City permitted Worker to make the initial choice of health care provider for this accident and did not seek to change medical providers. *See* § 52–1–49(B), (C).

▮ However, Judge Dinelli's order designating Dr. Racca and Dr. Pendleton as health care providers does not constitute a determination that the City must ultimately pay for any and all services they render. The amended Section 52–1–49(A) provides: "After an injury ... the employer shall ... provide the worker ... *reasonable and necessary* health care services...." (Emphasis added.) The purpose of the 1991 amendment was to allow the worker some input into the choice of a health care provider, not to expand the employer's obligation to pay. *See Sanchez,* 113 N.M. at 727, 832 P.2d at 418. Regardless of who selects the health care provider, the employer's obligation is limited by Section 52–1–49(A) to paying for "reasonable and necessary" health care services.

▮ Judge Wiltgen also found that Worker did not sustain any injury in the December 20, 1991 accident. Dr. Pendleton was only authorized to provide health care services for that particular accident. Since the City is only obligated to provide services after an injury, *see* § 52–1–49(A), the City is not obligated to pay for Dr. Pendleton's services.

▮ Judge Wiltgen found that Worker suffered only a temporary aggravation of her preexisting, non-work-related condition as a result of the July 31, 1991 accident. He concluded that Worker did not have a continuing need for medical care as a result of this accident, "since she was deemed to have reached maximum medical improvement and to have returned to her pre-July 31, 1991 accident status as of November 18, 1991." The Judge found that Worker returned and worked full-time from November 18 to December 31, 1991, without restrictions and without missing time due to injuries. Dr. Racca first treated Worker on January 30, 1992. Dr. Fredman began treating Worker on May 8, 1992, under referral from Dr. Racca.

Dr. Racca was only authorized to provide services for injury from the July 1991 accident. Judge Wiltgen found that treatment provided by Dr. Racca and Dr. Fredman was for conditions unrelated to any injury from the July 1991 accident and was "unreasonable, unnecessary and/or duplicative of previous medical treatment." Applying the proper test to the findings, Dr. Racca's and Dr. Fredman's services were not "reasonable and necessary" under Section 52–1–49(A). Therefore, the City is not obligated to pay for services provided by Dr. Racca and Dr. Fredman.

Although Judge Wiltgen erred in applying the *Bowles* test to reach his conclusions, this error did not prejudice Worker. Application of the proper test to the findings leads to the conclusion that health care services provided by Drs. Pendleton, Racca, and Fredman were not "reasonable and necessary" under Section 52–1–49(A). The City is therefore not obligated to pay for these services. *See State ex rel. State Highway Dep't v. Strosnider,* 106 N.M. 608, 612, 747 P.2d 254, 258 (Ct.App.1987) (trial court will be affirmed

when correct result is reached for wrong reason).

Worker also argues that Judge Wiltgen erred in failing to give deference to Judge Dinelli's order designating Dr. Racca and Dr. Pendleton as health care providers. We disagree. Judge Dinelli's order was not a determination that Worker had suffered work-related injuries, nor was it a determination of what health care services, if any, Worker was entitled to receive at the City's expense. In fact, the order specifically states that it "does not affect or preclude [Worker] from asserting any of her claims to workers' compensation," and that it "does not affect or preclude the [City] from asserting any defenses to the claim for workers' compensation." The only issue addressed or resolved by this order was the choice of health care provider.

## III. *CONCLUSION*

The order of the workers' compensation judge is affirmed.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.