866 P.2d 406

**Herman KELLEWOOD,
Claimant–Appellee,**

v.

**BHP MINERALS INTERNATIONAL,
and CNA Insurance Companies,
Respondents–Appellants.**

**No. 14218.**

Court of Appeals of New Mexico.

Dec. 2, 1993.

Dennis R. Francish, Albuquerque, for claimant-appellee.

Mary Therese Buescher, A. Brent Bailey, Hatch, Allen & Shepherd, P.A., Albuquerque, for respondents-appellants.

## OPINION

FLORES, Judge.

This is an appeal by BHP Minerals International (Employer) and CNA Insurance Companies (Insurer) (collectively referred to as Respondents) from the Workers' Compensation Judge's (judge) order denying Respondents' objection to Herman Kellewood's (Worker) notice of change of health care provider (the order). In our second calendar notice reassigning this case to the general calendar, we directed the parties to brief the issue of the finality of the order appealed from in light of Worker's pending claims for compensation and medical benefits. Respondents argue two issues on appeal: (1) that the judge's order is a final appealable order, and (2) that there was not substantial evidence to support the judge's order. We conclude that the order is not final and appealable, and therefore dismiss this appeal without prejudice for lack of jurisdiction. Accordingly, we do not address Respondents' second issue.

## BACKGROUND

Worker was employed by Employer on both February 25, 1991 and October 1, 1991. Worker claims he suffered on-the-job accidental injuries on both of those days. Respondents dispute that the injuries are work-related. Following the first injury, Employer referred Worker to his regular doctor for treatment of his injury. After the second injury, Employer took Worker to the emergency room at San Juan Regional Medical Center. Thereafter, Worker sought and continued treatment for his second injury from Dr. Ron Calcote.

In June 1992, Worker filed a claim for workers' compensation benefits for the October 1991 injury. Thereafter, in October 1992, he filed a second claim for benefits for the February 1991 injury. The two claims have been consolidated and are presently pending before the Workers' Compensation Administration (WCA).

On August 6, 1992, Worker filed a notice of change of health care provider, pursuant to NMSA 1978, Section 52-1-49 (effective January 1, 1991) (Repl.Pamp.1991), which mandates that an employer shall provide reasonable and necessary health care services to an injured worker and establishes the procedure by which the worker's health care provider is selected and changed. On August 10, 1992, Respondents filed their objection to Worker's notice of change of health care provider. A hearing was held on August 18, 1992 which resulted in the judge's order denying Respondents' objection. It is from this order that Respondents appeal.

## DISCUSSION

■ This appeal addresses the issue essentially left unresolved by this Court in *City of Albuquerque v. Sanchez,* 113 N.M. 721, 725, 832 P.2d 412, 416 (Ct.App.1992), namely, whether a judge's order denying a request, or an objection, to change health care provid-

er is final and appealable when a claim for benefits is pending before the WCA.

Respondents first argue that the order is final and appealable because the judge assigned as the WCA miscellaneous proceedings judge, under the Workers' Compensation Rules (Rules WCA 91–1(V)(A)(1); (VI)) in effect at the time, only had to address the change of health care provider issue, and since he was not assigned to hear the claims for compensation benefits, such claims were not pending before him. We are not persuaded by Respondents' argument. Whether or not other issues were pending before the same miscellaneous proceedings judge that heard the health care provider issue is not determinative of whether a claim was pending. For the purpose of analyzing the finality of an order, it is sufficient that the worker's compensation claim was pending before the WCA as a whole. Under the facts and circumstances of this case, it is undisputed that Worker had certain claims pending before the WCA requesting disability and vocational benefits as well as medical expenses regarding Worker's alleged February and October 1991 work-related injuries.

Respondents also contend that the order is final and appealable even if the same judge that decides the health care provider issue still has the other pending issues to decide. In this regard, Respondents argue that it may be necessary for the judge to decide the health care provider issue at the earliest possible date since a ruling on this issue is crucial to how the parties approach and prepare for a hearing on a claim for benefits. Respondents submit that once that ruling is made, it should be treated as a final order even if the judge has other issues to decide. We reject Respondents' second argument for the reasons that follow.

The New Mexico Supreme Court recently reiterated what has long been the general rule in New Mexico for determining the finality of an order or judgment, namely, " 'an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.' " *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992)

(quoting *B.L. Goldberg & Assocs. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985)). Although we recognize that the Supreme Court in *Kelly Inn* also stated that this general rule was flexible enough to allow various exceptions and qualifications, *id.*, we hold that the order in this case does not come within the guidelines set forth in *Kelly Inn*, 113 N.M. at 238, 824 P.2d at 1040: "Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein." In *Kelly Inn* there was a "judgment" which "declare[d] the rights and liabilities of the parties to the underlying controversy" (whether the lease was properly terminated), and the only "question remaining to be decided" involved determining the amount of attorney fees to be awarded. Moreover, in *Kelly Inn*, the "remaining question" (amount of attorney fees) would not prevent the judgment from being final because the remaining question would not alter the judgment on the merits or moot or revise it in any way. We recognize that the Supreme Court has limited its holding in *Kelly Inn*, see *Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993), but we do not understand the limitation to affect either the general rule or its application to the facts of this case. *See also Valley Improvement Ass'n v. Hartford Accident & Indem. Co.*, 116 N.M. 426, 863 P.2d 1047 (1993).

In this case, the "judgment" is the judge's order denying Respondents' objection to Worker's notice of change of health care provider. The "judgment" is interrelated to a determination on the merits of the underlying compensation claims. Here, the "question remaining" to be decided is a determination of whether Worker's injuries are causally related to his employment, and thus whether Worker is entitled to compensation, including medical benefits. If Worker is unable to prove a compensable injury, he will not be entitled to an award of medical benefits. In such an event, this Court's determination of the issue on appeal regarding the

health care provider order would become irrelevant, unnecessary, and moot. *See Alcala v. St. Francis Gardens,* 116 N.M. 510, 864 P.2d 326 (Ct.App.1993) (where a compensation claim is pending, an order awarding attorney fees for legal services rendered in a workers' compensation proceeding to change health care provider is an interim determination and not a final and appealable order because developments in the compensation case might alter or revise the order for attorney fees).

We also note and distinguish this Court's recent case, *In re Estate of Newalla,* 114 N.M. 290, 293–94, 837 P.2d 1373, 1376–77 (Ct.App.1992). This Court in *Newalla* determined pursuant to the Probate Code that each petition in a probate file is a separate independent action. *Id.* An order which disposes of the matters raised in the petition is therefore generally considered to be a final, appealable order. *Id.* at 294, 837 P.2d at 1377. However, the rationale behind this analysis hinged upon (1) the unpredictability of whether future orders will be sought, because, absent supervised administration, it is uncertain whether a particular order in a probate case will be followed by another order; and (2) "as a practical matter, there may be no real relationship between two proceedings regarding the same estate." *Id.* at 293, 837 P.2d at 1376. However, here, as previously noted, there is a related case pending below regarding consolidated compensation claims for injuries occurring in February and October of 1991.

It is well-established policy that piecemeal appeals are disfavored, *Kelly Inn,* 113 N.M. at 239, 824 P.2d at 1041, and that fragmentation in the adjudication of related legal or factual issues is to be avoided. *Banquest/First Nat'l Bank v. LMT, Inc.,* 105 N.M. 583, 585, 734 P.2d 1266, 1268 (1987). Under the facts of this case, and in the interest of judicial economy, it is our determination that the order is not final.

Finally, we cannot say that this case comes under the collateral order doctrine. *See Carrillo v. Rostro,* 114 N.M. 607, 613, 845 P.2d 130, 136 (1992); *see also Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949).

In the instant case, the order denying Respondents' objection to Worker's notice of change of health care provider can be reviewed on appeal from the final compensation order. Therefore, the order fails to satisfy the third requirement of the *Cohen–Carrillo* collateral order doctrine, which is that the order " 'be effectively unreviewable on appeal from a final judgment.' " *See Carrillo,* 114 N.M. at 613, 845 P.2d at 136 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).

## CONCLUSION

We therefore hold that the order is not final and appealable, and dismiss this appeal without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

MINZNER, C.J., and ALARID, J., concur.