1998-NMCA-175

968 P.2d 1198

**Ellena CHAVEZ, f/k/a Ellena Alaniz, Worker–Appellee,**

v.

**INTEL CORPORATION, a Self–Insured Employer, Employer–Appellant.**

**No. 19,149.**

Court of Appeals of New Mexico.

Oct. 20, 1998.

Jeffrey C. Brown, Albuquerque, for Appellee.

Paul Maestas, Wayne R. Suggett, Silva, Rieder & Maestas P.C., Albuquerque, for Appellant.

## OPINION

ALARID, Judge.

{1} In this appeal, we are asked to decide whether Employee has an unrestricted right, over Intel Corporation's (Employer) objection, to switch health care providers a third time after having previously exercised her right pursuant to NMSA 1978, § 52-1-49(C) (1990) to select her prior health care provider. Employer asserts that the Worker's Compensation Judge (WCJ) erred in: (1) placing the burden of proving that the current physician's care was unreasonable upon Employer, and (2) that Employee made no showing of the unreasonableness of her physician's care. We agree, and reverse the decision of the WCJ.

FACTS

{2} On October 16, 1997, Employee filed a Workers' Compensation complaint against Employer for injuries she sustained while working in July 1995. Initially, Employer selected a physician for Employee, Dr. Robert H. Wilson. After the required sixty days had passed, around September 1995, Employee exercised her right to change physicians pursuant to Section 52-1-49(C). Employee selected Dr. Anthony P. Reeve. Employee, approximately a year after exercising her statutory right to change physicians, apparently with the acquiescence of Employer, began seeing a different physician, Dr. John R. Marsh in November 1996. On October 24, 1997, Employee sent Employer a Notice of Change of Health Care Provider seeking to change her medical care provider to Dr. George R. Swajian. Employer objected to Employee's request to change her physician for a third time.

{3} On November 19, 1997, at a Health Care Provider Hearing, the WCJ determined that Employee had the right to change physicians again. The WCJ found that Employer had not presented any evidence to establish that Employee's selection of a new physician would be unreasonable. Employer appeals.

{4} On appeal, Employer asserts that Employee had already exercised her right to change physicians under Section 52-1-49(C) and that she cannot change physicians again unless she can establish that the medical care and treatment she is presently receiving are not reasonable. Employer also asserts that the WCJ placed the burden of proving that the treatment was unreasonable on the incorrect party. Last, Employer argues that Employee did not meet her burden of establishing unreasonableness.

DISCUSSION

{5} We are asked to decide whether an employee has an unfettered, unlimited right to switch health care providers under Section 52-1-49(C). This is an issue of first impression in New Mexico. This question

has proven itself difficult in the arena of workers' compensation. See 5 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 61.12(b) (1998). The ideal behind allowing the parties to choose a physician is a balance between two values. On the one hand, the Legislature has recognized the value in protecting an employee's right to select his or her physician and to maintain a confidential physician-patient relationship. Balanced against this objective, the Legislature has also recognized the value of achieving maximum and quality control of an injured employee's medical and rehabilitative process. *See id.*

{6} Section 52–1–49(C) provides that an employer may first select a physician for its employee or allow its employee to select a physician. The initial selection (initial selection) remains in effect for sixty days. *See* § 52–1–49(B). After the first sixty days have passed, the party that did not make the initial selection may choose a different physician (second selection). *See* § 52–1–49(C). The party making the second selection may do so without a showing that the first physician's care was unreasonable. *See City of Albuquerque v. Sanchez*, 113 N.M. 721, 726, 832 P.2d 412, 417 (Ct.App.1992).

{7} The party that made the initial selection may object to this change in physicians, however, the party making the second selection has unfettered discretion to choose a new physician. *See id.* Therefore, the burden is upon the party that made the initial selection to establish that the care of the physician in the second selection will be unreasonable. *See id.* at 726–27, 832 P.2d at 417–18. After the initial and second selections, any further change in physicians places the burden on *the party seeking to change physicians*. The burden is to prove that the care he or she was receiving before is not reasonable. *See* § 52–1–49(F) ("The applicant shall bear the burden of proving to the workers' compensation judge that the care being received is not reasonable."); see also Kelly Brooks et al., *Workers' Compensation*, 22 N.M.L.Rev. 845, 865 (1992).

{8} In the present case, Employer made the initial selection of Employee's physician. After the required sixty days had passed, Employee exercised her right to make a second selection under Section 52–1–49(C). Employee's discretion to select a different physician at this point was unrestricted. Employer did not challenge Employee's second selection. Approximately one year after making her second selection, Employee changed physicians again. This change was apparently unchallenged by Employer.

{9} On October 14, 1997, Employee decided to change physicians yet again. It is this change that we are concerned with. As stated above, after the parties have made the initial and second selections, any further change in physicians places the burden of proving that the present physician's care is unreasonable upon the party seeking to change physicians. *See* § 52–1–49(F). Employee can request a change in physicians but she must establish that the care she is receiving currently is unreasonable.

{10} The WCJ erred in determining that Employee has unlimited rights to change physicians absent a showing of unreasonableness. Unreasonableness is an essential element of proof that Employee must prove prior to changing physicians. Additionally, the WCJ erred in shifting the burden of proof to Employer. Employer did not seek the change in physicians. Employee did. Therefore, the burden of proof remains with Employee. Employee did not present any evidence that the care being provided by Dr. Marsh was unreasonable. Thus, Employee did not meet the burden required under Section 52–1–49(F) of establishing unreasonableness.

*CONCLUSION*

{11} We reverse the decision of the WCJ and remand for proceedings consistent with this opinion.

{12} **IT IS SO ORDERED.**

DONNELLY and ARMIJO, JJ., concur.