IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

SAMUEL L. ANGELO,

    Worker-Appellee,

v.                                       **NO. 29,171**

HOME DEPOT and NEW
HAMPSHIRE INSURANCE CO.,

    Employer/Insurer/Appellants.

APPEAL FROM THE WORKERS COMPENSATION ADMINISTRATION
Victor Lopez, Workers' Compensation Judge

Mel B. O'Reilly
Albuquerque, NM

for Appellee

Yenson, Lynn, Allen & Wosick, P.C.
Phyllis Savage Lynn
Albuquerque, NM

for Appellants

<strong>MEMORANDUM OPINION</strong>

**KENNEDY, Judge.**

      Employer Home Depot and Insurer New Hampshire Insurance Co. (Appellants) appeal from orders of the Workers' Compensation Administration (WCA) denying their motion to extend time to exercise peremptory disqualification of the WCA judge and denying their motion for reconsideration. [DS 2] We issued a notice of proposed

summary disposition, proposing to dismiss for lack of a final order. Appellants filed a memorandum in opposition. Because we remain unpersuaded by Appellants' arguments, we dismiss.

In their memorandum in opposition, Appellants first argue that this Court should hear its appeal under the collateral order doctrine. [MIO 2] The collateral order doctrine is a narrow exception to the rule that we review only final orders and its reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal. *Carillo v. Rostro*, 114 N.M. 607, 613, 845 P.2d 130, 136 (1992). To fall within the exception, an order must at a minimum satisfy three conditions: (1) "it must conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action", and; (3) "be effectively unreviewable on appeal from a final judgment". *Id*. (citation omitted). We note that the collateral order doctrine is a generally disfavored doctrine, little used by courts in order to prevent piecemeal appeals from becoming commonplace. *Handmaker v. Henney*, 1999-NMSC-043, ¶ 10, 128 N.M. 328, 992 P.2d 879. This Court has found review of non-final orders under the collateral order doctrine to be appropriate only in very limited circumstances. *See generally State v. Augustin M.*, 2003-NMCA-065, ¶¶ 30-47, 133 NM 636, 68 P.3d 182 (general discussion of New Mexico case law on the collateral order doctrine).

Appellants argue that the WCA's decision to deny their motion to extend time to file a peremptory disqualification of the WCA judge falls under the narrow set of circumstances which would allow this Court to hear an appeal from a non-final decision. [MIO 2] They contend this appeal will conclusively resolve the dispute as to whether they are entitled to an extension of time; that this is an important issue entirely separate from the merits of the action, and that the issue is unreviewable on appeal. [MIO 3]

We first note that the proper procedure for seeking review of a collateral order is an application for a writ of error. *See* Rule 12-503 NMRA; *State v. Apodaca*, 1997-NMCA-051, ¶ 11, 123 N.M. 372, 940 P.2d 478. Appellants in this case have filed a notice of appeal. [RP 72] A notice of appeal requesting review of an order under the collateral order doctrine may be treated as an application for a writ of error, which confers discretion upon an appellate court to grant or deny review. *Id*. This Court is not required to grant review even if an order meets all three criteria of the collateral order doctrine but remains free to apply the doctrine as it deems appropriate. *King v. Allstate Ins. Co.*, 2004-NMCA-031, ¶ 14, 135 N.M. 206, 86 P.3d 631.

We agree with Appellants that the issue presented is completely separate from the merits and could be conclusively resolved by our review. However, as Appellants themselves point out, the decision of the administrative judge is open to appeal. [MIO

4] *See Alcala v. St. Francis Gardens*, 116 N.M. 510, 513, 864 P.2d 326, 329 (Ct. App. 1993) (holding that if an order of the WCA can be reviewed on appeal from the final compensation order, it fails the third prong of the *Carillo* test). If Appellants prevail on appeal, the judgment will be set aside. *See Alvarez v. County of Bernalillo*, 115 N.M. 328, 329, 850 P.2d 1031, 1032 (Ct. App. 1993) (holding that all actions taken by a WCA judge subsequent to an improper rejection of a peremptory challenge are void). Because appellate review of the final compensation order will be available to Appellants, the order fails the third prong of the *Carillo* test.

Appellants argue that if this Court determines review is not appropriate under the collateral order doctrine, we should review the WCA order as an interlocutory appeal. [MIO 4] Normally, we do not review interlocutory appeals from agency decisions; however, we will review an interlocutory appeal from an administrative order when a constitutional right has been asserted or when an agency has exceeded its authority or otherwise acted in a manner clearly at odds with the specific language of a statute. *Sanchez v. Bradbury Stamm Constr.*, 109 N.M. 47, 49-50, 781 P.2d 319, 321-22 (Ct. App. 1989).

We are cognizant of the fact that the WCA, in mailing out the notice of judge assignment, committed a clerical error by failing to provide notice of judge assignment to the parties' attorneys. [RP 44-45] Appellants contend that the clerical

4

error constituted an action that was clearly at odds with the specific language of WCA Rule 11.4.4.12(B)(1) and (2). [MIO 4] However, evidence was presented below that notice was mailed to the parties to the action. [RP 45-46] Further, Appellants were provided with an opportunity to explain why the peremptory dismissal of the WCA judge was necessary and why the parties were unable to notify their attorneys of the judge assignment. [RP 45] Appellants provided no explanations. [RP 45]

We remain unconvinced that Appellants have been deprived of a constitutional right or that the WCA exceeded its authority or acted in a manner clearly at odds with the specific language of a statute.

For the reasons stated above and in the notice of proposed summary disposition, we dismiss for lack of a final order.

**IT IS SO ORDERED.**

 

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**JAMES J. WECHSLER, Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**