This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SAMMIE SINGH, SR., SAMMIE H. SINGH, JR., ED PROVENIENCE, LUPE GARCIA, JOHNNY DIAZ, AND JOHN FLEMING,**

   **Claimants/Defendants-Appellants,**

  **vs.**           **No. 33,274**

**UNITED STATES, ELEPHANT BUTTE IRRIGATION DISTRICT, AND CITY OF LAS CRUCES,**

   **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James J. Wechsler, District Judge**

Robert S. Simon
Albuquerque, NM

for Appellants

Appellate Section, Environment and Natural Resources Divsion
U.S. Department of Justice

Matthew Littleton

Washington, DC

for Appellee United States

Law office of Steven L. Hernandez PC
Steven L. Hernandez
Samantha R. Barncastle

Las Cruces, NM

for Appellee Elephant Butte Irrigation District

Stein & Brockmann PA
Jay F. Stein
Santa Fe, NM

for Appellee City of Las Cruces

Gary K. King, Attorney General
DL Sanders, Chief Counsel, Special Assistant Attorney General
Francis L. Reckard, Special Assistant Attorney General
Laurie A. Knowles, Special Assistant Attorney General
Richard A. Allen, Special Assistant Attorney General
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Appellants appeal from the district court's denial of their motion to designate a new stream system issue in the Lower Rio Grande Adjudication to adjudicate pre-1906 claims to water, storage, and diversion rights in the Lower Rio Grande. [DS 2;

2

RP 9, 67] This Court issued a calendar notice proposing summary dismissal of the appeal. Appellants have filed a memorandum in opposition to this Court's notice of proposed disposition. Appellees United States, Elephant Butte Irrigation District, and State of New Mexico each filed a memorandum in support of this Court's notice of proposed disposition. Having duly considered each of these filings, we dismiss.

{2}     In our calendar notice, we proposed to dismiss for lack of a final, appealable order. [CN 4] Appellants' memorandum in opposition contains three broad contentions, only one of which directly addresses our proposed disposition. We focus, then, on Appellants' argument that the district court's order denying their motion to designate a stream system issue was a final, appealable order because it "finally resolved and denied [Appellants'] opportunity to set a stream issue." [MIO 15]

{3}     In our calendar notice, we recognized that this Court's jurisdiction lies from final, appealable orders. [CN 2] *See Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033; *see also Montoya v. Anaconda Mining Co.*, 1981-NMCA-113, ¶ 20, 97 N.M. 1, 635 P.2d 1323 (observing that an appellate court will raise jurisdictional questions on its own motion), *overruled on other grounds as recognized by San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, 132 N.M. 73, 43 P.3d 1083. Generally, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the district

3

court to the fullest extent possible. *See Kelly Inn*, 1992-NMSC-005, ¶ 14. In *City of Albuquerque v. Sanchez*, 1992-NMCA-038, ¶ 9, 113 N.M. 721, 832 P.2d 412, we noted in determining the practical finality of an order that "the judge's order fully disposed of all issues between the parties that were brought before the judge."

{4} In this case, the district court's order denying Appellants' motion to designate a stream system issue did not determine the rights of the parties on the merits, leaving those for future determination in the course of the water adjudication. As we stated in our calendar notice, the practical effect of the district court's denial is that instead of having their claims heard in an expedited fashion as a stream system issue, Appellants will have to pursue their claims through the standard sub-file proceedings. [CN 3] Appellants apparently recognize this fact as well, as they state in their memorandum in opposition that a dismissal of their appeal would "relegate [Appellants'] [c]laim to sub-file proceedings" and "their claims will not be appealable until all sub-file and inter-se proceeding[s] are completed." [MIO 23]

{5} While Appellants continue to argue that their claims should be heard as a stream system issue and not as a standard sub-file, we remain unconvinced that the district court's order in this case fully disposed of all the issues between the parties. This is particularly true given Appellants' statement that "the issue [of] whether [Appellants] are entitled to senior priority to some or all of the project rights for the LRG is an

4

issue that arrived at this Court independently [through an appeal from a denial of summary judgment in Stream System Issue 104 [MIO Ex. C]] of [Appellants'] appeal in this case." [MIO 22] Thus, it appears that despite the district court's order denying Appellants' motion, Appellants are still actively working within the water adjudication process to vindicate their claims.

{6} Appellants argue that dismissal of the present appeal will "eliminate for decades the ability of [Appellants] to seek redress for their collective [r]ights." [MIO 23] Further, Appellants claim "irreparable harm" from the "delay [in] the determination of [Appellants'] [c]laim . . . ." [MIO 28] However, we note that Appellants have not provided this Court with authority to support their argument that either the passage of time or irreparable harm somehow converts a non-final order into a final one. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Therefore, we remain unconvinced that our proposed disposition was incorrect.

{7} To the extent that Appellants' remaining contentions raise issues regarding the merits of their motion to designate a stream system issue and the merits of their claims more generally, we hold that we do not have jurisdiction to consider those matters given the lack of a final, appealable order in this case.

5

{8}    For these reasons, and those in our calendar notice, we dismiss the appeal for lack of a final, appealable order.

{9}    **IT IS SO ORDERED.**

                _____
                **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**