This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ANTHONY SANCHEZ,**

Worker-Appellant,

v.                                                                    **No. A-1-CA-36812**

**SMITH'S FOOD AND DRUG and**
**SEDGWICK CLAIMS MANAGEMENT**
**SERVICES,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Tony Couture, Administrative Hearing Officer**

Michael J. Doyle
Los Lunas, NM

for Appellant

Max A. Jones
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}      Worker has appealed from the workers compensation judge (WCJ's) compensation order. Unpersuaded that his docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Worker has responded to our notice with a memorandum in opposition, which we have duly considered. We remain unpersuaded and affirm.

{2}      Worker's response abandons two issues raised in his docketing statement. [MIO 7] He pursues his contentions that (1) the WCJ wrongfully interpreted the American Medical Association (AMA) Guides in favoring one doctor's impairment rating over the other's, [MIO 3-6] and (2) the WCJ erred by ruling that the statute of limitations had run on his claim for increased impairment value, based on Worker's assertion that Dr. Legant's impairment rating assigned on April 16, 2013, was incorrectly calculated. [MIO 6-7] We do not reiterate our full proposed analysis here and instead focus on the arguments made in response to our proposals.

**Impairment Rating**

{3}      Worker contends that our notice mistakenly presumed that he was challenging the WCJ's credibility determination that favored Dr. Legant and that we mistakenly reviewed for substantial evidence. [MIO 2-3, 6] We disagree that our review was solely based on credibility and substantial evidence. Our notice relied on NMSA 1978, Section 52-1-24(A) (1990), which defines impairment as an "anatomical or functional

abnormality existing after the date of maximum medical improvement as determined by a medically or scientifically demonstrable finding and based upon the most recent edition of the American [M]edical [A]ssociation's guide to the evaluation of permanent impairment or comparable publications of the American [M]edical [A]ssociation." We observed that the competing expert opinions did not appear to be based on the same set of historical facts, including the date of maximum medical improvement (MMI), which, according to the impairment statute is the relevant date after which the medical expert is to assess the anatomical or functional abnormality for impairment. Section 52-1-24(A). [CN 3] The WCJ ruled that the date of MMI used by Dr. Legant was appropriate, because there was no conflicting medical testimony on that matter; thus, no medical testimony supported Dr. Whalen's—Worker's witness's—use of a date that preceded the date of MMI. [RP 347] This presents a mixed question of law and fact, for which we construe the law de novo and review the facts for substantial evidence using the whole record. *See Gutierrez v. Intel Corp.*, 2009-NMCA-106, ¶ 11, 147 N.M. 267, 219 P.3d 524 (explaining the standard of review for factual and legal issues arising under the Workers Compensation Act). In addition, we referred to the WCJ's assessment of other aspects of Dr. Whalen's testimony as confused about whether and when he rated Worker's impairment and his process of arriving at an impairment rating. [CN 3] An expert's opinion that is not

3

based on all the pertinent underlying facts or is based on incorrect facts can be rejected. *See, e.g., Sanchez v. Zanios Foods, Inc.*, 2005-NMCA-134, ¶ 11, 138 N.M. 555, 123 P.3d 788 (listing examples of cases in which expert opinions were scrutinized based on the underlying facts upon which they were formed).

{4}    Although the failure of Dr. Whalen to use the appropriate date of MMI and to cohesively recall his impairment rating process appear to be sufficient grounds for rejecting his impairment rating, we also pointed out that the WCJ found Dr. Whalen far less trained in performing impairment ratings and less reliable as an expert witness. [CN 3-4] On appeal, we will not disturb a WCJ's assessments of credentials and of expert analyses where there is support for them in the record, and the assessment of demeanor is outside of our purview on appeal. *See, e.g., Gutierrez*, 2009-NMCA-106, ¶ 11; *Yeager v. St. Vincent Hosp.*, 1999-NMCA-020, ¶ 13, 126 N.M. 598, 973 P.2d 850 (observing that a WCJ may choose between expert's conflicting opinions of a worker's impairment rating); *see also Wood v. Citizens Standard Life Ins. Co.*, 1971-NMSC-011, ¶ 16, 82 N.M. 271, 480 P.2d 161 (holding that the trier of facts determines weight and credibility even where the conflicting testimony was given by medical experts).

{5}    Also in response to our notice, Worker contends that he is asking this Court to review the substance of the doctor's opinions and apply the AMA Guides, and he

4

argues that our failure to do so is an abdication of our role and permits an unconstitutional delegation of legislative authority. [MIO 3-4] Worker does not assert that insufficient medical opinion testimony was presented to the WCJ for an assignment of an impairment rating, nor does he contend that the WCJ lacked a right to choose between the expert's conflicting impairment ratings. We understand his issue to contend that our review should be more intensive and include an analysis of the medical testimony under the AMA Guides. Assuming the AMA Guides were in the record below, Worker has not provided citations to applicable provisions. Furthermore, he has not identified the specific reason why the WCJ erred by choosing Dr. Legant's impairment rating over Dr. Whalen's and has not demonstrated that the reason involved a nondiscretionary medical or legal decision. *Cf. Chavarria v. Basin Moving & Storage*, 1999-NMCA-032, ¶¶ 15-19, 22-27, 127 N.M. 67, 976 P.2d 1019 (engaging in an in-depth analysis of the AMA Guides and the medical testimony and concluding that the WCJ's assignment of an impairment rating was error to the extent it conflicted with a nondiscretionary clear directive in the AMA Guides or was based on a misapplication of the statute).

{6}     Based on what Worker has presented to us, we see no error in the WCJs decision to credit Dr. Legant's impairment rating.

**Increased Impairment Value**

**{7}** Last, Worker asserts that our proposed notice was incorrect that the WCJ ruled that his claim for increased impairment value was moot; he states that the WCJ ultimately ruled that his claim was barred by the statute of limitations. [MIO 6-7] Upon review, Worker is correct that the compensation order contains such a conclusion, [RP 404] despite the WCJ's memorandum opinion indicating that the issue was moot. [RP 351] Worker does not, however, address the substance of our proposed holding and explain why he believes the issue is not moot. We continue to believe that a ruling that the statute of limitations ran is unnecessary, as recognized in the WCJ's memorandum opinion, because the WCJ ruled that Dr. Legant assessed impairment correctly back in April 2013, a ruling we affirm. [RP 396, 404] *See Maez v. Riley Indus.*, 2015-NMCA-049, ¶ 31, 347 P.3d 732 (acknowledging that we will affirm a decision in a workers' compensation order if it is right for any reason). We see no reason why reliance on this basis for affirmance would be unfair to Worker because he was made of aware of this basis for rejecting his claim for increased impairment value in the WCJ's memorandum opinion. [RP 351]

**{8}** For the reasons stated in our notice and in this opinion, we affirm the compensation order.

**{9}** **IT IS SO ORDERED.**

                                        **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____

**EMIL J. KIEHNE, Judge**


_____

**DANIEL J. GALLEGOS, Judge**