This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39521**

**RACHEL BRIS,**

Worker-Appellee,

v.

**ENTERTAINMENT PARTNERS
and ILLINOIS NATIONAL INSURANCE
COMPANY,**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Shanon S. Riley, Workers' Compensation Judge**

James A. Rawley
Albuquerque, NM

for Appellee

Hoffman Kelley Lopez LLP
Lori A. Martinez
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}**     Entertainment Partners and Illinois National Insurance Company (Employer) appeal a compensation order finding that Rachel Bris's (Worker) left hip condition was compensable under the New Mexico Worker's Compensation Act (WCA), NMSA 1978, Section 52-1-1 to -70 (1929, as amended through 2017). Employer argues that (1) the worker's compensation judge (WCJ) erred in concluding that Dr. Franco is an authorized health care provider (HCP) as defined by Section 52-1-49 and NMSA 1978,

Section 52-4-1 (2007), (2) the WCJ erred in admitting the deposition testimony of Dr. Franco, and (3) Worker did not meet her burden of proof as required by Section 52-1-28(B). We affirm.

**DISCUSSION**

**Standard of Review**

**{2}** We review the WCJ's factual findings under a "whole record standard of review." *Laughlin v. Convenient Mgmt. Servs., Inc.*, 2013-NMCA-088, ¶ 9, 308 P.3d 992 (internal quotation marks and citation omitted). Whole record review "contemplates a canvass by the reviewing court of all the evidence bearing on a finding or decision, favorable and unfavorable, in order to determine if there is substantial evidence to support the result." *Leonard v. Payday Pro.*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177 (alteration, internal quotation marks, and citation omitted). "We will affirm the agency's decision if, after taking the entire record into consideration, there is evidence for a reasonable mind to accept as adequate to support the conclusion reached." *Id.* (internal quotation marks and citation omitted). "[W]e will not disturb the WCJ's findings unless they are manifestly wrong or clearly opposed to the evidence." *Maez v. Riley Indus.*, 2015-NMCA-049, ¶ 10, 347 P.3d 732.

**{3}** Employer argues that Dr. Franco was not an authorized HCP under the WCA because he was not Worker's initial selection of an HCP and he was not a referral from an authorized HCP. Employer further argues that the reasoning the WCJ provided in support of finding Dr. Franco was an authorized HCP is not supported by law. Specifically, Employer takes issue with the WCJ's finding in the compensation order that "[i]t was reasonable for Worker to see Dr. Franco since Dr. Racca had previously referred her to him for her hip symptoms, she believed that she was still in control of choice of healthcare provider, and both doctors are employed with New Mexico Orthopaedics [sic]."

**{4}** Worker responds that Dr. Franco was granted status as an authorized HCP before trial under a procedure authorized by the WCA and its implementing regulations, which allow for a change in HCP if the authorized HCP is not providing the worker with reasonable and necessary medical care. Worker filed a dispute form pursuant to 11.4.4.12(K) NMAC, which requires the requesting party to "state the specific reasons for the requested change" in HCP and allows the party to suggest an alternative HCP. Pursuant to 11.4.4.12(L) NMAC, Worker was required to "prove [that] the authorized HCP [was] not providing the [Worker-Appellee] reasonable and necessary medical care." Worker did so. Specifically, Worker sought "approval of Dr. Franco because [Employer] was refusing care for the hip or any other condition except the knee, because Dr. Racca refused to provide care except for the knee, and was not making referrals for other body parts[.]" The WCJ conducted a hearing and issued an order granting Dr. Franco status as an authorized HCP.

**{5}** Notably, Employer's briefing on appeal fails to address this procedure and does not challenge the WCJ's decision other than to say that the WCJ's order does not contain detailed findings or conclusions. Employer's argument on appeal is essentially that Dr. Franco does not qualify as an authorized HCP because he was not selected by either party as an HCP under Section 52-1-49, and Worker was not referred to Dr. Franco by an authorized HCP. While true, these are not the exclusive means for designating a provider as an authorized HCP, and Employer has not addressed or attempted to show error by the WCJ under the procedure employed here.

**{6}** On the merits, we detect no error in the WCJ's decision. The WCJ found that Dr. Franco and another doctor that was treating Worker for her back were authorized HCPs, thus making their testimony and medical records admissible in the compensation hearing. Although the WCJ provided no reasoning or findings of fact in the order granting Dr. Franco status as an authorized HCP, there is substantial evidence in the record to support the conclusion that Dr. Racca was not providing reasonable and necessary care for all of Worker's injuries. *See Kincaid v. WEK Drilling Co.*, 1989-NMCA-111, ¶ 28, 109 N.M. 480, 786 P.2d 1214 ("In the case of uncertain, doubtful, or ambiguous findings, an appellate court is bound to indulge every presumption to sustain the judgment.").

**{7}** The following evidence was provided to the WCJ at a hearing on Worker's "Health Care Provider Disagreement Form" on July 10, 2019. Worker initially sought care for her work-related injuries from Dr. Legate for her back and hips and Dr. Racca for her knee. However, Worker did not complete her prescribed care plan with Dr. Legate, and in her words, Dr. Legate told her to continue care for all of her injuries with Dr. Racca. Dr. Legate's medical notes state that he was co-managing Worker's care with Dr. Racca, but do not detail to what extent. Dr. Racca's deposition testimony makes it clear that he is only providing her care for Worker's knee. Worker, however, testified that she believed that Dr. Racca would first address her knee and then would move on to her other body parts. Worker also testified that she informed Dr. Racca of her injured back and hips on multiple occasions. Dr. Racca testified that Worker never informed him of her back and hip injuries because if she had he would have noted it or provided a referral out to another doctor for treatment. Lastly, after Dr. Wascher provided his Independent Medical Exam, which did not "thoroughly assess[]" Worker's "bilateral hip and low back pain," but stated Worker's right knee had reached maximum medical improvement (MMI) as of October 25, 2016, Worker testified that her insurance denied coverage for all of her injuries.

**{8}** When dealing with conflicting testimony, "the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Laughlin*, 2013-NMCA-088, ¶ 9 (internal quotation marks and citation omitted). Further, "we will not substitute our judgment for that of the agency; although the evidence may support inconsistent findings, we will not disturb the agency's finding if supported by substantial evidence on the record as a whole." *Rodriguez v. Permian Drilling Corp.*, 2011-NMSC-032, ¶ 7, 150 N.M. 164, 258 P.3d 443 (alterations, internal quotation marks, and citation omitted). Therefore, in light of our

standard of review, if Dr. Legate had instructed Worker to continue her care for all of her work-related injuries with Dr. Racca as she testified, and Worker continued to inform Dr. Racca of her injured back and hips as she testified, it would have been unreasonable for Dr. Racca to provide neither care nor referrals for those injuries. Worker received care for her hip and back after the work injury from Dr. Franco and Dr. Patton. Thus, we can infer that the WCJ found the care to be necessary. "[W]e will not disturb the agency's finding if supported by substantial evidence on the record as a whole." *Id.* Because there is substantial evidence in the record to support a finding that Dr. Racca failed to provide reasonable and necessary care for all of Worker's injuries stemming from her work-related accident, we conclude that the WCJ did not err in exercising discretion in granting Dr. Franco status as an authorized HCP.

**{9}** Because the WCJ's order granting Dr. Franco authorization was supported by substantial evidence, we perceive no basis to reverse the WCJ's determination that Dr. Franco was an authorized HCP, and no error in admitting his deposition testimony. Because Employer has not separately argued that the evidence was insufficient to reverse when Dr. Franco's testimony is considered, we affirm.

**CONCLUSION**

**{10}** For the above reasons, we affirm.

**{11} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**